IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROLANDO TUT,**<br><br>Petitioner,<br><br>v.<br><br>**SCOTT FRAUENHEIM, et al.,**<br><br>Respondent. | Case No. 1:14-cv-00507 MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 11]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 9-10.)

I.   **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare.  On May 13, 2011, Petitioner plead no contest to first degree home invasion, second degree robbery, first degree burglary, receiving stolen property, criminal threats, false imprisonment by violence, grand theft of personal property, kidnapping during a

1

carjacking, and kidnapping to commit another crime. (See Lodged Doc. 1.) Petitioner admitted numerous firearm use special allegations. (Id.) On June 7, 2011, Petitioner was sentenced to an indeterminate state prison term of seventeen (17) years to life. (Id.) Petitioner did not appeal the convictions.

However, Petitioner proceeded to file four collateral appeals to his conviction in state court. (See Lodged Docs. 3-10.) The petitions were filed as follows:

1. <u>Tulare County Superior Court</u>
 Filed: December 6, 2011[1];
 Denied: December 12, 2011;

2. <u>Tulare County Superior Court</u>
 Filed: March 15, 2012[2];
 Denied: March 21, 2012;

3. <u>California Court of Appeal, Fifth Appellate District</u>
 Filed: September 25, 2012[3];
 Denied: December 5, 2012;

4. <u>California Supreme Court</u>
 Filed: February 14, 2013[4];
 Denied: April 17, 2013.

(Lodged Docs. 3-10.)

Petitioner filed the instant federal habeas petition on April 10, 2014.[5] (Pet.) On June 27, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Hernandez v. Spearman, 2014 U.S. App. LEXIS 16252 (9th Cir. Aug. 22, 2014); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner signed the petition on December 6, 2011. Accordingly, the Court shall consider the petition filed on that date, rather than December 9, 2011, the date it was received.

[2] Petitioner signed the petition on March 15, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than March 20, 2012, the date it was received.

[3] Petitioner did not provide the date of mailing for this petition. Accordingly, Petitioner is not entitled to an earlier filing date.

[4] Petitioner signed the petition on February 14, 2013. Accordingly, the Court shall consider the petition filed on that date, rather than February 23, 2013, the date it was received.

[5] Petitioner did not provide the date of mailing for this petition. Accordingly, Petitioner is not entitled to an earlier filing date.

No. 11.) Petitioner filed an opposition to the motion to dismiss on June 14, 2014. (ECF No. 13.) Respondent filed a reply on August 20, 2014. (ECF No. 16.)

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on April 10, 2014, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the operative judgment issued on June 7, 2011. Accordingly, his conviction became final 60 days later on August 6, 2011. Cal. Rules of Court 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The AEDPA statute of limitations began to run the following day, on August 7, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from August 7, 2011, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until April 10, 2014, a year and a half after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

### C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

According to the state court records provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of a petition for writ of habeas corpus, on December 6, 2011. Respondent concedes that Petitioner is entitled to tolling with regard to the time that Petitioner's first habeas corpus petition was pending. However, 121 days of the limitation period passed before the first petition was filed. Based on tolling, 244 days of the limitations period remained when the first petition was denied on December 12, 2011.

Petitioner next filed another habeas petition with the Tulare County Superior Court

5

1 on March 15, 2012. Respondent contends that the petition did not toll the running of the
2 statute either during the interval between petitions or during the pendency of the second
3 petition. Respondent asserts that Petitioner was not pursuing his application up the
4 ladder of the state court system. Review is "pending" within the meaning of § 2244(d)(2)
5 only where a prisoner is pursuing a single, full round of habeas relief in state court; thus,
6 no review is "pending" where a prisoner files a second petition in a court which raises
7 new claims and does not constitute merely an elaboration of the facts relating to the
8 claims in a prior petition or an attempt to correct the prior petition's deficiencies. Stancle
9 v. Clay, 692 F.3d 948, 951, 954-56 (9th Cir. 2012); Banjo v. Ayers, 614 F.3d 964, 968-69
10 (9th Cir. 2010). However, Respondent acknowledges that looking at the petitions, it is
11 possible that the second petition was an attempt to correct the deficiencies in the first
12 petition which was dismissed as "vague and not coherent." (Lodged Doc. 4.) The Court
13 shall give Petitioner the benefit of the doubt that he was attempting to correct
14 deficiencies with the second petition. Petitioner is entitled to tolling during the pendency
15 of the second petition – from March 15, 2012 to March 21, 2012.

16 However, Petitioner delayed 94 days from the denial of his first petition to the
17 filing of his second habeas petition. Unexplained delays of such duration are
18 unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d
19 964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are
20 unreasonable under California law and prevent tolling of AEDPA's one year statute of
21 limitations.).

22 Accordingly, 94 days of the limitations period passed between December 12,
23 2011 (the denial of the first petition) and March 15, 2012 (the date of filing of the second
24 habeas petition). Petitioner is entitled to tolling with regard to the time his second state
25 petition was pending. Accordingly Petitioner is entitled to tolling from March 15, 2012, to
26 March 21, 2012. As an additional 94 days of the limitation period passed before the
27 petition was filed, 150 days of the limitations period remained when the petition was
28 denied on March 21, 2012. Accordingly the limitations period expired 150 days later on

August 18, 2012.

While Petitioner filed two more state habeas petitions starting on September 25, 2012, state petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The present petition was filed on April 10, 2014, over a year after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62, 177 L. Ed. 2d 130 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner presents five grounds for equitable tolling based on: (1) Petitioner's limited English skills, (2) Petitioner's lack of skill in the law, and (3) the denial by the court of his request for transcripts. The Court shall address Petitioner's claims in turn.

#### 1. Limited Knowledge of the English Language

Petitioner contends he should be granted equitable tolling because he was not provided adequate legal assistance for a non-English speaker. (Opp'n, ECF No. 13 at 2-3.) In Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006), the Ninth Circuit held that a non-English speaking petitioner may be entitled to equitable tolling if he can demonstrate that he was unable, despite diligent efforts, to procure legal materials in his language or to obtain translation assistance. However, in Pace v. DiGuglielmo, the Supreme Court made clear the requirement that equitable tolling is only available if the petitioner demonstrates that he acted diligently. 544 U.S. at 418. In order to show diligence, he must provide details of any specific actions he took toward the filing of the

7

petition. Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006), opinion modified on reh'g, 459 F.3d 1310 (11th Cir. 2006). Additionally, he "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). In this case, Petitioner fails to demonstrate that he acted diligently. His only assertion is a statement that he does not speak English. Petitioner fails to state with specificity any actions he took to mitigate his language deficiency. His conclusory claim is insufficient to satisfy his burden of demonstrating he acted diligently. Petitioner is not entitled to equitable tolling on this ground.

### 2. Ignorance of the Law

Petitioner also claims he should be entitled to equitable tolling because he is uneducated and does not have knowledge of the law. This claim for equitable tolling must also fail. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

### 3. Lack of Legal Transcripts

The Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide a basis for equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (a complete lack of access to a legal file may constitute an extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations period). Here, Petitioner attaches to his opposition a letter from the Tulare County

1  Superior Court, dated November 2, 2011, in which the court denied his request for
2  transcripts. (Opp'n at 6.) While Petitioner may have lacked the court transcripts, it is
3  unclear whether they were necessary in preparing his claims for review. Petitioner plead
4  guilty to the crimes in question, accordingly no evidence was presented at trial.
5  Moreover, the significant claims presented by Petitioner in his habeas petition are that
6  his counsel was ineffective and that his plea was not knowing and voluntary. Evidence to
7  support these claims is not likely to be contained in the trial record. While the Ninth
8  Circuit has stated that a complete lack of access to a legal file may constitute an
9  extraordinary circumstance, Petitioner was in possession of many investigation reports
10 prepared by law enforcement and submitted them his federal petition. (See Pet. at 14-
11 15, 34-57.) Petitioner has not made a sufficient showing that he was prevented from
12 filing for habeas relief due to the lack of legal files during the duration of the statute of
13 limitations period.

14      Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his
15 petition remains untimely.

## III. FAILURE TO EXHAUST STATE REMEDIES

17      In his motion to dismiss, Respondent also argues that the petition should be
18 dismissed for failure to exhaust state remedies. As the petition is untimely, the Court
19 need not address whether the claims are exhausted.

## IV. CONCLUSION

21      As explained above, Petitioner failed to file the instant petition for Habeas Corpus
22 within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was
23 given the benefit of statutory tolling but not entitled to equitable tolling. Regardless, the
24 petition remains untimely filed. Based on the foregoing, the Court grants Respondent's
25 motion to dismiss.

## V. ORDER

27      Accordingly, IT IS HEREBY ORDERED that:
28      1.      Respondent's Motion to Dismiss (Doc. 11) is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely; and

3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   August 25, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE